IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.        ) | CV NO. 2:04cv1013-MEF |
| ) | [WO] |
| JOSEPH BOOKER ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On September 22, 2004, Joseph Booker ("Booker"), a federal inmate, filed this motion to set aside, vacate, or correct sentence pursuant to 28 U.S.C. § 2255.[1] By his motion, Booker challenges a 1979 conviction in this court that was used to enhance his sentence for a later conviction in a New Jersey federal court. Upon review of Booker's motion, the court concludes that this case is due to be dismissed with prejudice prior to service of process, as "it plainly appears from the motion ... that the moving party is not entitled to relief." Rule 4, *Rules Governing Section 2255 Proceedings for the United States District Courts*.

**I. DISCUSSION**

In June 1979, following a jury trial, Booker was convicted in this court for making false statements on a bank loan application, in violation of 18 U.S.C. § 1001. On June

---

[1] Although this motion was stamped "received" on October 21, 2004, the motion was signed by Booker on September 22, 2004. A pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant motion] was delivered to prison authorities the day [Booker] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court construes September 22, 2004 as the date of filing.

15,1979, this court sentenced Booker for that offense to two years in prison. Although it is unclear from Booker's § 2255 motion precisely when the sentence imposed upon him for his 1979 conviction in this court expired, it is abundantly clear from his pleadings that the sentence expired long before he filed the instant § 2255 motion.

Booker's pleadings reflect that more than 20 years after he was convicted and sentenced in this court, he was convicted in a New Jersey federal court on charges that are unspecified by Booker in his motion. According to Booker, the sentence for his conviction in the New Jersey federal court was imposed on April 16, 2001; that sentence was enhanced under § 4A1.(1)(a) of the Sentencing Guidelines based in part upon Booker's 1979 conviction in this court.

In his § 2255 motion, Booker asserts, *inter alia*, that his 1979 conviction in this court was obtained in violation of the Constitution because, he says, the counsel who represented him in that case rendered ineffective assistance; consequently, he maintains that his current federal sentence in New Jersey, which was enhanced based in part upon his 1979 conviction in this court, is unlawful. Although Booker maintains that the sentence imposed by the New Jersey federal court is unlawful, it is clear from his pleadings that the sentence challenged by the instant motion is the sentence imposed by this court on June 15,1979, a sentence that has long since expired.

"Federal district courts have jurisdiction to entertain habeas petitions only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United

States.' 28 U.S.C. § 2241(c)(3). A petitioner is not 'in custody' to challenge a conviction when the sentence imposed for that conviction has completely expired. *Maleng v. Cook,* 490 U.S. 488, 490-91, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989)." *Van Zant v. Florida Parole Commission*, 104 F.3d 325, 327 (11th Cir. 1997); *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001) (federal courts lack subject matter jurisdiction to consider habeas "petitions which challenge a conviction with a completely expired sentence"). Further, and more pertinent to Booker's attack upon the conviction and long since expired sentence imposed by this court in 1979, the Supreme Court has held that the use of a prior conviction with an expired sentence for enhancement purposes does not constitute an exception to the "in custody" requirement for purposes of a habeas petition. *See Daniels v. United States*, 532 U.S. 374, 384 (2001); *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001).

Booker filed the instant § 2255 motion on September 22, 2004. The pleadings clearly reflect that the sentence imposed by this court for the conviction challenged by Booker in his motion expired long before the motion was filed.[2] It is therefore clear that at the time Booker filed the instant motion, he was not "in custody" pursuant to conviction as is required for purposes of an attack on the conviction under 28 U.S.C. § 2255. Thus, Booker's § 2255 motion is due to be dismissed for lack of subject matter jurisdiction as Booker was not "in custody" on the conviction challenged by his motion. *See, e.g., Maleng,* 490 U.S. at 490.

---

[2] Booker makes no claim that he was prevented from filing a § 2255 motion attacking his conviction in this court at some earlier time due to any impediment created by governmental action in violation of the Constitution or laws of the United States.

3

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Booker on September 22, 2004, be denied and this case dismissed with prejudice, as this court lacks jurisdiction to consider Booker's claims for relief.   It is further

ORDERED that the parties shall file any objections to the said Recommendation file any objections to this Recommendation on or before April 10, 2006.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) *(en banc)*.

DONE, this 28th day of March, 2006.

/s/ Susan Russ Walker  
SUSAN RUSS WALKER  
UNITED STATES MAGISTRATE JUDGE